IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIS BAIRD, #K-81582
    PLAINTIFF

-VS-                                      13-376-MJR

LAWRENCE CORRECTIONAL CTR.
ENTIRE INMATE POPULATION,
IN CUSTODY OF WARDEN HODGE,
    DEFENDANTS.

## MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

NOW COMES THE PLAINTIFF, WILLIS BAIRD #K-81582, PRO SE, CURRENTLY INCARCERATED AT LAWRENCE CORRECTIONAL CENTER, RESPECTFULLY PRAYS THAT THIS HONORABLE COURT, GRANT HIM A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION, UNDER THE FOLLOWING CAUSES.

1.) PLAINTIFF IS A GRADUATE OF THE ILLINOIS STATE POLICE ACADEMY, AND WAS EMPLOYEED BY WAUKEGAN POLICE DEPARTMENT FOR OVER TWO YEARS AS A PATROL OFFICER AND UNDERCOVER DRUG OFFICER.

2.) AFTER EIGHT AND A HALF YEARS INCARCERATED AT HILL CORR. CTR. WHERE THE INMATE POPULATION WAS UNAWARE OF PLAINTIFFS EX-PROFFESSION, PLAINTIFF WAS TRANSFERRED TO LAWRENCE CORR. CTR. ALONG WITH TWO INMATES WHO HAD BEEN MADE AWARE

OF PLAINTIFFS EX-PROFFESSION, BY A HILL CORR. CTR. CORRECTIONAL OFFICER, AND HAD CONFRONTED PLAINTIFF.

3.) ON ARRIVAL TO LAWRENCE CORR. CTR. SAID TWO INMATES AND PLAINTIFF WAS PLACED ON THE SAME HOUSING UNIT WING, JULY 11TH, 2012, PLACING PLAINTIFF SAFETY IN JEOPARDY.

4.) ON MARCH 20TH, 2013, PLAINTIFF WAS ATTACKED AND ASSAULTED BY HIS CELL-MATE - CHAUNTEE MEEKS #B77531 BECAUSE PLAINTIFF WAS EX-POLICE OFFICER.

5.) DURING THE MONTHS OF JULY, AUGUST, SEPTEMBER AND OCTOBER OF 2012, PLAINTIFF FILED EMERGENCY GRIEVANCES TO WARDEN HODGE, COMPLAINTS TO INTERNAL AFFAIRS, LIEUTENANT STAFFORD AND OFC. HARPER, AND APPEALED TO THE SOCIAL WORKER/MENTAL HEALTH PROFFESSIONAL, MS. BURKE, SEEKING PROTECTION, HELP, OR PROTECTIVE CUSTODY PLACEMENT, BECAUSE INMATES HERE AT LAWRENCE CORR. CTR. KNEW AND WERE DISCUSSING ME AND MY EX-PROFFESSION AND I WAS CONCERNED FOR MY SAFETY.

6.) THERE WAS FAILURE TO RESPOND AND TAKE ANY STEPS TO PREVENT AN ASSAULT ON ME BY ADMINISTRATION, EVEN AFTER IT WAS CONFIRMED BY INTERNAL AFFAIRS THAT I WAS AN EX-COP, PRIOR TO AND SINCE I WAS ATTACK AND ASSAULTED.

7.) PLAINTIFF WAS BEAT IN THE HEAD WITH A GRAY SITTING STOOL, PUNCHED AND CHOKED. PLAINTIFF SUFFERED TWO LARGE BUMPS ON HIS HEAD, A BROKEN NOSE AND CUTS ON HIS LEFT SHOULDER, ARM AND LEG.

8.) PLAINTIFFs PRIVATE, PRIVILEGED LEGAL DOCUMENTS, THAT IDENTIFY PLAINTIFF AS A POLICE OFFICER WHO DID UNDER-COVER DRUG WORK, WAS GIVEN TO OTHER INMATES HERE AT LAWRENCE CORR. CTR. MAKING PLAINTIFFs EX-PROFFESSION MORE WIDELY KNOWN TO THE INMATE POPULATION, FURTHER ENDANGERING PLAINTIFFs SAFETY.

9.) PLAINTIFF THEN RECEIVES SOME OF HIS DOCUMENTS BACK FROM INMATE STEPHEN COUCH #B12125 ON APRIL 5TH, 2013, WITH A FOUR-PAGE LETTER FROM MR. COUCH MAKING STATEMENTS SUCH AS: HE HATES UNDERCOVER DRUG-COPS, IF HE TOLD ANYONE I WAS A EX-POLICEMAN, I COULD BE KILLED ETC.

10.) PLAINTIFF HAS CONTINUALLY FILED EMERGENCY GRIEVANCES WITH THE WARDEN (DENIED) AND HAS ATTEMPTED AGAIN TO SPEAK WITH INTERNAL AFFAIRS (IGNORED) PER ILLINOIS DEPT. OF CORRECTIONS SPRINGFIELD DIVISION OF OFFICE OF INMATE

issues, and case worker Sarah Johnson, but it seems administration doesn't want to address the fact that I continually seeked help, only for them to do nothing and it has led to my assault.

ii.) Plaintiff has also been showed by administration here at Lawrence Corr. Ctr. that if he does anything to protect himself from assault, plaintiff will suffer consequences as well, as plaintiff had fifteen days added to his sentence for the attack from Mr. Meeks on 3-20-13.

## Pleading

Plaintiffs motion should be granted by this honorable court, because plaintiff has been incarcerated for thirteen (13) years seven (7) months, with five months remaining on his sentence, and plaintiff has never filed a motion with any court seeking protection because of my ex-proffession or seeked any protection from Illinois Dept. of Corrections because of my ex-proffession, until I arrived at Lawrence Corr. Ctr. and knew my life was in danger immediately, as I arrived with two inmates who had been made aware by a corrections officer that I

WAS AN EX-POLICE OFFICER. PLAINTIFFS DISCIPLINARY RECORD WHILE INCARCERATED WILL SHOW NO OFFENSE AT ALL AGAINST AUTHORITY, SO WHEN PLAINTIFF BEGAN TO SEEK HELP, PROTECTION OR PROTECTIVE CUSTODY THROUGH THE WARDENS, INTERNAL AFFAIRS, COUNSELORS AND SOCIAL WORKERS FOR SEVERAL MONTHS STRAIGHT AND TO WRITE SPRINGFIELDS OFFICE OF INMATE ISSUES SEEKING ASSISTANCE, PLAINTIFF THOUGHT HE WOULD BE SAFE AND THIS SHOWS PLAINTIFF TOOK THIS SITUATION VERY SERIOUS FROM DAY OF ARRIVAL AND DONE EVERYTHING IN HIS POWER TO SEEK PROTECTION. THROUGH INDIFFERENCE TO PLAINTIFFS PLIGHT OR A BELIEF THAT PLAINTIFF WOULD NOT BE HARMED, NO ONE IN AUTHORITY AT LAWRENCE CORR. CTR. TOOK ANY STEPS TO HELP KEEP PLAINTIFF SAFE, AND WHEN PLAINTIFF WAS PLACED IN A HOUSING UNIT WHERE INMATES WERE AWARE OF PLAINTIFFS EX-PROFFESSION BY OTHER INMATE AND ONE DECIDED TO TAKE HIS FRUSTRATIONS WITH POLICE OFFICERS OUT ON PLAINTIFF, WHO WAS AN EX-POLICE OFFICERS BY ASSAULTING PLAINTIFF. THERE ARE MANY INMATES WHO BLAME THEIR INCARCERATION ON POLICE OFFICERS, SO MY LIFE WILL REMAIN IN DANGER, AND WITH LAWRENCE CORR. CTR. OFFICIALS FAILING TO ACT, PLAINTIFFS ONLY RECOURSE IS

THROUGH THIS HONORABLE COURT AND PRAYS THAT A TRO OR PRELIMINARY INJUNCTION IS GRANTED, KEEPING PLAINTIFF SEGREGATED FROM THE ENTIRE INMATE POPULATION AT LAWRENCE CORR. CTR. ESPECIALLY SINCE NOW, EVEN MORE OF THE INMATES HAVE BEEN MADE AWARE OF PLAINTIFFS EX-PROFFESSION THROUGH NEGLEGENCE OF KATHY DIANE MUSGRAVE, THE LAW LIBRARY SUPERVISOR, AND GIVING MY LEGAL DOCUMENTS TO OTHER INMATES, ONE OF WHICH WROTE PLAINTIFF MENTIONING HIS HATE FOR COPS AND PLAINTIFF COULD BE KILLED. PLAINTIFF HAS FILED SEVERAL MORE GRIEVANCE AND COMPLAINTS WITH LAWRENCE CORR. CTR. AND AUTHORITY IN SPRINGFIELD SEEKING PROTECTIVE CUSTODY, WHICH COULD TAKE MONTH LEAVING PLAINTIFFS LIFE IN JEOPARDY AND IF PLAINTIFF DEFENDS HIMSELF MORE PRISON TIME.

## CONCLUSION

WHEREFORE, FOR THE ABOVE REASONS, THE PLAINTIFF RESPECTFULLY PRAYS THAT THE HONORABLE COURT GRANTS HIS MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION.

WILLIS BAIRD #K-81582
PLAINTIFF
LAWRENCE CORR. CTR.
10930 LAWRENCE Rd.
SUMNER IL, 62466

RESPECTFULLY SUBMITTED,
Willis Baird PRO SE
WILLIS BAIRD #K-81582

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIS BAIRD #K-81582

    PLAINTIFF

-VS-

LAWRENCE CORRECTIONAL CTR.
ENTIRE INMATE POPULATION,
IN CUSTODY OF WARDEN HODGE,

    DEFENDANTS.

## MOTION FOR EMERGENCY T.R.O. OR PRELIMINARY INJUNCTION HEARING

PLAINTIFF, WILLIS BAIRD #K-81582, PRO SE, CURRENTLY INCARCERATED AT LAWRENCE CORR. CTR. RESPECTFULLY SUBMITS THIS MOTION FOR AN EMERGENCY HEARING ON HIS MOTION FOR A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION TO THIS HONORABLE COURT, AND PRAY THAT THIS COURT GRANTS THE PLAINTIFF HIS MOTION DUE TO THE FOLLOWING CAUSES.

1) PLAINTIFF IS DUE TO BE RELEASED FROM SEGREGATION HOUSING ON APRIL 20TH, 2013, AND PLACED BACK INTO POPULATION, WHERE PLAINTIFF JUST SUFFERED AN ASSAULT.

2.) PLAINTIFF'S LIFE IS IN MORE JEOPARDY IN POPULATION THAN PREVIOUSLY DUE TO THE PREVIOUS ASSAULT AND IDENTIFYING

PAGE 1 OF 2

INFORMATION BEING RELEASED TO MORE INMATES, THAT PLAINTIFF WAS AN EX-POLICEMAN.

3.) PLAINTIFF'S ONLY CURRENT OPTION FOR SAFETY IS DECLARING A HUNGER STRIKE, WHICH KEEPS PLAINTIFF FROM HAVING CONTACT WITH ANY INMATE, BUT DOES HARM TO PLAINTIFF'S HEALTH, AND WHICH PLAINTIFF DECLARED FROM APRIL 6TH, 2013 THRU APRIL 10TH, 2013, FOR SAFETY.

4.) PLAINTIFF CURRENTLY SUFFERS FROM OSTEOARTHRITIS IN HIS NECK AND SPINE AND CANNOT INGEST THE MEDICATION FOR THE CONDITION WHILE ON HUNGER STRIKE.

5.) PEOPLE WHO PLAINTIFF IS IN CUSTODY OF IGNORES PLAINTIFF'S PLEAS, EVEN AFTER ASSAULT.

WHEREFORE, FOR THE ABOVE CAUSES, PLAINTIFF PRAYS THIS HONORABLE COURT GRANT HIS MOTION, AND SWEARS EVERY WORD CONTAINED ON THESE PAGES ARE TRUE AND CORRECT.

WILLIS BAIRD #K-81582
PLAINTIFF
LAWRENCE CORR. CTR.
10930 LAWRENCE RD.
SUMNER IL 62466

RESPECTFULLY SUBMITTED,

*Willis Baird #K-81582*
WILLIS BAIRD, PRO SE.

PAGE 2 OF 2