IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIS BAIRD, # K-81582,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-376-MJR |
| ) | |
| **LAWRENCE CORRECTIONAL CENTER,** ) | |
| *Entire inmate population in custody* ) | |
| *of Warden Hodge*, ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), comes now before the Court on a motion for temporary restraining order ("TRO") or preliminary injunction, and motion for emergency hearing (Doc. 1). Plaintiff has not filed a complaint. He also has not filed a motion for leave to proceed *in forma pauperis* ("IFP") or paid the filing fee for this action. Plaintiff is serving a 25 year sentence for home invasion, and a three year sentence for aggravated criminal sexual abuse. His projected release date is approximately five months away (Doc. 1, p. 4).

In his motion for TRO, Plaintiff claims that he has made numerous requests to be placed in protective custody, all of which have been refused (Doc. 1, pp. 2-3, 5-6). Plaintiff alleges that he is in danger because fellow Lawrence inmates have become aware that he was formerly employed as an undercover police officer. This fact became known in Lawrence as of the date Plaintiff was transferred there (July 2012), because two other fellow transferred inmates had been told about it by an official at Hill Correctional Center ("Hill"). Both Plaintiff and the

other two inmates had been confined at Hill before the transfer. Upon their arrival at Lawrence, Plaintiff was housed in the same unit with these two inmates, and they confronted Plaintiff with their knowledge of his past (Doc. 1, pp. 1-2).

Starting in July 2012, Plaintiff filed several emergency grievances to Warden Hodge requesting protective custody or some other assistance (Doc. 1, p. 2). He also sought help from internal affairs and from the prison social worker. His requests fell on deaf ears. Plaintiff was attacked and beaten by his cellmate on March 20, 2013 (Doc. 1, pp. 2-3). After this incident, Plaintiff was sent to segregation, but was due to be released back into the general population on April 20, 2013 (Doc. 1, p. 7). It appears that Plaintiff had been in disciplinary segregation; he also states he "had fifteen days added to his sentence" in connection with this attack (Doc. 1, p. 4).

Further, Plaintiff received a threatening letter on April 5, 2013, from a different inmate. Included with the inmate's letter were "private, privileged legal documents" belonging to Plaintiff, which identified him as a police officer who did undercover drug work. This threat, and the dispersal of Plaintiff's legal documentation to fellow inmates, has placed him in fear for his life. He has made further attempts to request protective custody, with no response as of the date he submitted his motions to the Court.

As relief, Plaintiff seeks an order from this Court requiring that he be kept "segregated from the entire inmate population at Lawrence" (Doc. 1, p. 6).

Plaintiff has not properly commenced this action by filing a complaint. According to the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Due to the nature of Plaintiff's allegations, and out of an abundance of caution, the Court shall proceed to scheduls Plaintiff's motion for TRO or

preliminary injunction for hearing. However, Plaintiff's motions do not suffice as a complaint. Accordingly, in order to proceed with this action, Plaintiff shall be required to submit a complaint, as ordered below. He is encouraged to use the Court's civil rights complaint form, which has been mailed to him by the Clerk of Court.

**Filing Fee**

Plaintiff has also failed to pay the necessary $350 filing fee for commencing this action, nor has he submitted a motion for leave to proceed in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff is required to pay the $350 filing fee, or if he is unable to pre-pay this amount, he must submit a motion for leave to proceed IFP, as directed below. This form has also been mailed to him (Doc. 2).

**Defendants**

The Lawrence Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Defendant Lawrence Correctional Center shall be dismissed from the action with prejudice.

Further, the "Entire inmate population" cannot be named as Defendants in a civil

rights action.  A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003).  Prison inmates are not state actors, therefore, they shall also be dismissed from this action.

Because Plaintiff is seeking injunctive relief, Warden Hodge is an appropriate Defendant herein.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).  In order for this matter to proceed with service on an individual Defendant, the Court shall add Warden Hodge as a party.  *See* FED. R. CIV. P. 21; FED. R. CIV. P. 17(d).

**Disposition**

The Clerk is **DIRECTED** to add **WARDEN HODGE** as a Defendant in this action.  Defendants **LAWRENCE CORRECTIONAL CENTER,** and the **"Entire inmate population in custody"** are **DISMISSED** from this action with prejudice.

Plaintiff is **HEREBY ORDERED** to file a complaint with the Court, within 21 days (on or before May 13, 2013).  Plaintiff is **ADVISED** not to include the dismissed Defendants as parties to this action.  Plaintiff must serve a copy of the complaint on Defendant Hodge.  Plaintiff is **FURTHER ORDERED** to either pay the $350 filing fee for this action, or submit a motion for leave to proceed IFP, within the same deadline.  Failure to timely file a complaint, or to comply with the filing fee requirements herein, shall result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take appropriate steps in coordination with the U.S. Marshals Service, to effect formal, **PERSONAL SERVICE**

of summons, Plaintiff's motions at Doc. 1, and this order upon Defendant Hodge at his work address, as provided by Plaintiff. The Court will not require Defendant to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for TRO or preliminary injunction (Doc. 1).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff s motion for TRO or preliminary injunction (Doc. 1) is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for an evidentiary hearing and issuance of a report and recommendation.  The period for filing any objections to Judge Williams' report and recommendation shall not exceed **14 days** from the date of the report.  Judge Williams shall set an evidentiary hearing as soon as practicable, in light of the time necessary to effect service of summons and for receipt of any response by Defendant to the motion for injunctive relief.  Any motions filed after the date of this Order that relate to the request for injunctive relief are also hereby **REFERRED** to Judge Williams.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **HODGE**.  The Clerk shall issue the completed summons, and prepare a service packet for the Defendant consisting of: the completed summons, the completed form USM-285, a copy of the motion for TRO and preliminary injunction (Doc. 1), and this Memorandum and Order.  The Clerk shall deliver the service packet for the Defendant to the United States Marshal Service for personal service on the Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon Defendant **HODGE,** the service packet containing the summons, form USM-285, a copy of the motion for TRO and preliminary injunction (Doc. 1), and this Memorandum and Order.  All costs of service shall be

advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court, including a copy of the complaint.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, once it has been served on him, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 22, 2013**

 s/ MICHAEL J. REAGAN
United States District Judge
