**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST St. LOUIS DIVISION**

WILLIS BAIRD, #K-81582,     )
                                    )
          Plaintiff,       )
                                    )
    -vs-               )      No. 13-376-MJR
                                    )
MARCUS HODGE,         )
                                    )
          Defendant.    )

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, MARCUS HODGE, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, and hereby files the instant Answer and Affirmative Defenses, stating as follows:

**STATEMENT OF CLAIM**

Defendant HODGE admits Plaintiff transferred to Lawrence Correctional Center on July 11, 2012. Defendant HODGE admits Plaintiff is a former law enforcement officer. Defendant Hodge lacks sufficient knowledge to either admit or deny the remainder of the allegations in the introductory paragraph.

1.      Defendant HODGE denies acting deliberately indifferent to a substantial risk of harm. Defendant HODGE denies violating Plaintiff's Eighth Amendment rights. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 1.

2.      Defendant HODGE admits that the offender tracking system indicates that offender Acosta was placed in plaintiff's cell on July 23, 2012. Defendant HODGE denies the allegation regarding Offender Acosta's security threat group affiliation. Defendant

HODGE admits offender Acosta is incarcerated for attempted murder. Defendant HODGE denies acting deliberately indifferent to a substantial risk of serious harm. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 2.

3.     Defendant HODGE admits that Plaintiff was disciplined and lost good conduct credits for fighting offender Meeks. Defendant HODGE admits that Plaintiff self-reported to medical professionals that he was struck with a stool. Defendant HODGE denies Plaintiff suffered injuries based on the medical records. Defendant HODGE denies violating Plaintiff's Eighth Amendment rights by acting deliberately indifferent to a risk of harm. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 3.

4.     The allegations contained in paragraph 4 pertain to Count V of Plaintiff's complaint that was previously dismissed by the Court; therefore no response is required. [Doc. 14].

5.     The allegations contained in paragraph 5 pertain to Count VI of Plaintiff's complaint that was previously dismissed by the Court; therefore no response is required. [Doc. 14].

6.     The allegations contained in paragraph 6 pertain to Counts III & IV of Plaintiff's complaint, and Defendant HODGE has been dismissed from these Counts. Thus, no response is necessary to the allegations contained in paragraph 6.

7.     Defendant HODGE admits that Plaintiff expressed safety concerns to internal affairs as a result of his former employment. Defendant HODGE denies that these safety concerns were substantiated. Defendant HODGE denies Plaintiff was placed in a

substantial risk of serious harm as a result of his cell placement. Defendant HODGE admits that Plaintiff was disciplined and lost good conduct credits for fighting offender Meeks. Defendant HODGE denies the Plaintiff suffered the alleged injuries based on the medical records. Defendant HODGE denies violating the Plaintiff's Eighth Amendment rights by acting deliberately indifferent. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 7.

8. Defendant HODGE denies the Plaintiff suffered the injuries alleged within paragraph 8. Defendant HODGE denies the Plaintiff was placed in dangerous cell placements. Defendant HODGE denies acting deliberately indifferent. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 8.

9. Defendant HODGE denies acting deliberately indifferent. Defendant HODGE lacks sufficient information to either admit or deny the remainder of the allegations in paragraph 9.

10. Defendant HODGE admits that Plaintiff was interviewed regarding his safety concerns at Lawrence Correctional Center. Defendant HODGE denies that Plaintiff's safety concerns were substantiated. Defendant HODGE denies acting with deliberate indifference in violation of the Eighth Amendment. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 10.

11. Defendant HODGE denies acting with deliberate indifference in violation of the Eighth Amendment. Defendant HODGE admits that Plaintiff is a former law enforcement officer. Defendant HODGE admits the Plaintiff was disciplined for fighting

with his former cellmate. Defendant HODGE denies the Plaintiff suffered the alleged injuries stated in paragraph 11.

12.     Defendant HODGE denies acting with deliberate indifference in violation of the Eighth Amendment. Defendant HODGE admits that Plaintiff is a former law enforcement officer. Defendant HODGE admits the Plaintiff indicated his safety fears to internal affairs, but such fears were determined to be unsubstantiated. Defendant HODGE admits that Plaintiff declared a hunger strike on April 17, 2013.

13.     Defendant HODGE admits that the cumulative counseling summary for the Plaintiff indicates that Jeffrey Strubhart made initial segregation contact with the Plaintiff on July 12, 2013. Defendant HODGE admits that the cumulative counseling summary indicates that Plaintiff participated in the orientation process. Defendant HODGE denies acting deliberately indifferent in violation of the Eighth Amendment.

14.     Defendant HODGE denies acting deliberately indifferent in violation of the Eighth Amendment. Defendant HODGE admits the records indicate Plaintiff was involved in a fight with a cellmate. Defendant HODGE denies the Plaintiff suffered the alleged injuries stated in paragraph 14. Defendant HODGE lacks sufficient knowledge to either admit or deny the remainder of the allegations.

15.     Defendant HODGE admits Plaintiff was issued a disciplinary ticket by Officer Maus. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations.

16.     The allegations in paragraph 16 pertain to Count VI and were previously dismissed by the Court [Doc. 14]; therefore, no response is necessary to the allegations in this paragraph.

17. The allegations in paragraph 17 pertain to Count VI and were previously dismissed by the Court [Doc. 14]; therefore no response is necessary to the allegations in this paragraph.

18. The allegations in paragraph 18 pertain to Count VI and were previously dismissed by the Court [Doc. 14]; therefore no response is necessary to the allegations in this paragraph.

19. Defendant HODGE admits that Plaintiff was disciplined for fighting with his cellmate. Defendant HODGE denies Plaintiff suffered the injuries alleged within the complaint. Defendant HODGE lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 19.

20. Defendant HODGE denies violating Plaintiff's Eighth Amendment rights. Defendant HODGE denies acting with deliberate indifference. Defendant HODGE admits the Plaintiff is a former law enforcement officer. Defendant HODGE admits the medical records indicate that Plaintiff declared a hunger strike on April 6, 2013. Defendant HODGE admits the Plaintiff declared a hunger strike on April 17, 2013. Defendant HODGE admits the Plaintiff entered the facility on July 11, 2012. Defendant HODGE lacks sufficient knowledge to either admit or deny the remainder of the allegations.

21. Defendant HODGE denies acting with deliberate indifference in violation of the Eighth Amendment. Defendant HODGE lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 21.

22. Defendant HODGE admits that Plaintiff entered the facility on July 11, 2012. Defendant HODGE admits that Plaintiff indicated he was a former law enforcement officer. Defendant HODGE admits that Plaintiff indicated that he was in fear for his safety.

Defendant HODGE admits that an investigation was conducted and that Plaintiff's concerns were unsubstantiated. Defendant HODGE denies acting with deliberate indifference in violation of the Eighth Amendment. Defendant HODGE lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 22.

23. Defendant HODGE admits that Plaintiff was disciplined for fighting with his former cellmate. Defendant denies acting with deliberate indifference in violation of the Eighth Amendment. Defendant HODGE admits that Plaintiff has declared hunger strikes. Defendant HODGE denies that the Plaintiff has suffered the injuries alleged as a result of any of his personal acts or omissions. Defendant lacks sufficient knowledge to either admit or deny the remainder of the allegations in paragraph 23.

24. Defendant HODGE denies the inferred allegation in paragraph 24 that he acted with deliberate indifference in violation of the Eighth Amendment. Defendant HODGE lacks sufficient knowledge to either admit or deny the remainder of the allegations.

25. The allegations of paragraph 25 pertain to COUNT VI that was previously dismissed by the Court [Doc. 14]; therefore no response is required to the allegations in paragraph 25.

### REQUESTED RELIEF

Defendant denies that Plaintiff is entitled to any relief.

### JURY TRIAL

Defendant demands trial by jury.

## AFFIRMATIVE DEFENSES

1.      At all times relevant herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.  Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

2.      Plaintiff has failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act.

3.      Plaintiff's claims that would necessarily invalidate discipline for which he lost good conduct credits are barred by Heck v. Humphrey.

4.      Plaintiff's claims for injunctive relief are barred by sovereign immunity.

5.      To the extent Plaintiff stated claims against the Defendant in his official capacity, those claims are barred by sovereign immunity.


                                                Respectfully submitted,

                                                MARCUS HODGE,

                                                        Defendant,

                                                LISA MADIGAN, Attorney General
                                                for the State of Illinois,

                                                        Attorney for Defendant,

Robert L. Fanning #6296345
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9056                      BY:     __s/   Robert L. Fanning_____
                                                Robert L. Fanning
Of Counsel.                                     Assistant Attorney General

## CERTIFICATE OF SERVICE
### No. 13-376-MJR

I hereby certify that on June 3, 2013, I electronically filed Defendant's Answer

and Affirmative Defenses, with the Clerk of the Court using the CM/ECF system, and I

hereby certify that on June 3, 2013, I caused a copy of the foregoing described

document to be mailed by United States Postal Service, in an envelope properly

addressed and fully prepaid, to the following non-registered participant:

    Willis Baird, #K-81582
    Lawrence Correctional Center
    10930 Lawrence Road
    Sumner, Illinois    62466


    s/ Robert L. Fanning
    Robert L. Fanning #6296345
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois  62706
    (217) 782-9056  Phone
    (217) 782-8767  Fax
    E-Mail: rfanning@atg.state.il.us